UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Consumer Financial Protection Bureau

    Plaintiff,                                                 Case No.: 1:22-cv-29

vs.

Craig Manseth, Jacob Adamo, Darren Turco,
United Debt Holding, LLC, JTM
Capital Management, LLC, UHG, LLC, UHG I, LLC
(also known as United Holding Group) and
UHG II, LLC (collectively holding themselves
out as United Holding Group, United Holding Group,
LLC and United Holdings Group, LLC)

    Defendants.

**DEFENDANTS' RESPONSE IN OPPOSITION TO THE BUREAU'S MOTION FOR LEAVE TO FILE SUR-REPLY, OR IN THE ALTERNATIVE, MOTION TO STRIKE PORTIONS OF DEFENDANTS' REPLIES & DEFENDANTS' COUNTER-MOTION TO STRIKE THE MOTION FOR LEAVE'S ARGUMENTS ON THE MERITS OF THE MOTIONS TO DISMISS**

Dated: Denver, Colorado
June 1, 2022

**BROWNSTEIN HYATT FARBER SCHRECK, LLP**

Sarah J. Auchterlonie (pro hac vice)
410 Seventeenth Street
Suite 2200
Denver, CO  80202
Telephone:  303.223.1100
Facsimile:  303.223.1111
Email: sja@bhfs.com


**LIPPES MATHIAS LLP**

Brendan H. Little, Esq.
Richard M. Scherer, Jr., Esq.
50 Fountain Plaza, Suite 1700
Buffalo, New York 14202
Telephone: 716-853-5100
Facsimile: 716-853-5199
Email: blittle@lippes.com
Email: rscherer@lippes.com


*Attorneys for Defendants*

**DEFENDANTS' RESPONSE IN OPPOSITION & COUNTER-MOTION TO STRIKE**

Defendants Craig Manseth, Jacob Adamo, Darren Turco, United Debt Holding, LLC ("UDH"), JTM Capital Management, LLC ("JTM"), UHG, LLC, UHG I, LLC and UHG II, LLC (collectively "UHG") submit this Opposition to the Bureau's Motion for Leave to File Sur-Reply, or in the alternative, Motion to Strike Portions of Defendants' Replies, docket item 42-1 ("Mot. for Leave").[1] In addition, defendants move the Court to strike or ignore the substantive arguments in the Mot. for Leave that relate to the pending Motions to Dismiss, as these substantive arguments are sur-reply material and violate W.D.N.Y.R. 7(a)(6) ("Absent permission of the Judge hearing the motion, sur-reply papers are not permitted"). *See also Joseph v. Buffalo News, Inc.*, No. 17-CV-814-FPG, 2018 U.S. Dist. LEXIS 145320, at *4 (W.D.N.Y. Aug. 22, 2018). (refusing to consider arguments raised in unpermitted sur-reply).

**I.      INTRODUCTION**

The Bureau files its Mot. for Leave in an improper effort to supplement its Opposition to Defendants' two Motions to Dismiss (dkt. 37), which had shortfalls that defendants properly raised in their respective Reply Briefs. Dkts. 40, 41. Motions for leave to file sur-reply information and to strike are subject to the sound discretion of the court. *Navarrete De Pedrero v. Schweizer Aircraft Corp.*, 635 F. Supp. 2d 251, 258–59 (W.D.N.Y. 2009) (citing *Kapiti v. Kelly*, 2008 WL 754686, *1 n. 1 (S.D.N.Y. March 12, 2008) (the decision to permit a litigant to submit a sur-reply is a matter left to the court's discretion)); *Morse v. Weingarten*, 777 F.Supp. 312, 319 (S.D.N.Y. 1991) (motion to strike is committed to the court's discretion). A sur-reply is

---

[1] All defendants file this Response and Counter-Motion to Strike together because the Bureau's Mot. for Leave refers to arguments made in both sets of defendants' Reply Briefs. However, consistent with the arguments made in defendants' separate briefing thus far, this combined Response and Counter-Motion does not concede that the defendants should be treated as interchangeable.

appropriate only where the party against whom the sur-reply will be filed raises new arguments in its reply. *Ramon v. Corp. City of New York*, No. 17-CV-2307(KAM), 2019 WL 1306061, at *2 (E.D.N.Y. Mar. 21, 2019).

### A. Defendants' Reply Briefs Raise No New Arguments.

The Bureau is not entitled to a sur-reply because the arguments at issue are not "new" but rather were raised in the initiating Motions to Dismiss (dkts. 30-1, 31-1) and the Bureau had ample opportunity in its Opposition to address the arguments. "[L]eave to file a sur-reply should be denied where the moving party 'previously had ample opportunity to address' the opposing party's arguments." *SEC v. Ahmed*, No. 3:15CV675 (JBA), 2021 WL 5815716, at *1 (D. Conn. Dec. 7, 2021) (citing *Williams v. City of Hartford*, 3:15CV00933(AWT), 2017 WL 11448094, at *5 (D. Conn. June 26, 2017).

The Bureau requests a sur-reply to respond to three arguments: (1) that defendants are not "covered persons" under the Consumer Financial Protection Act, 12 U.S.C. § 5481(6)(A) ("CFPA"); (2) that the CFPA should be read consistently with the Securities Exchange Act, 15 U.S.C § 78t ("SEC Act"); and (3) about the standard for individual liability under the CFPA. But these are not "new" arguments first raised in a reply. The Bureau had notice of each argument from the initiating Motions to Dismiss, and it addressed each argument in its Opposition. There is no basis for granting a sur-reply or striking any portions of defendants' replies.

#### 1. Defendants are Not "Covered Persons" under the CFPA.

Regarding the first of the Bureau's three issues, defendants argued in their Motions to Dismiss that, "[they] are not 'covered persons' under the CFPA because they do not 'engage[] in offering or providing a consumer financial product or service.'" Dkt. 30-1 at 4, citing 12 U.S.C. § 5481(6)(A), *see also*, Dkt. 31-1 at 5 (same). The crux of the argument is based on the Bureau's allegations that UDH, JTM, and UHG either sell debt or hire third parties to contact consumers

about collecting debt, but they do not own or operate call centers themselves. *Id.* The Bureau's Opposition addressed the argument in four pages. Dkt. 37 at 16-20. To which defendants replied. Dkt. 41 at 2-5, Dkt. 40 at 13. Nevertheless, the instant motion argues that "Defendants raise for the first time [in their Replies] a series of arguments about the text and history of the CFPA that, they claim, establish that they are not 'collecting debt' as defined by the CFPA." Dkt. 42-1 at 2.

To the contrary, defendants' CFPA textual and legislative history analysis is part of their argument that they are not "covered persons," and the analysis directly rebuts the Bureau's statutory construction arguments in its Opposition. Dkt 30-1 at 4-5; Dkt. 31-1 at 5-7; Dkt. 40 at 13; and Dkt. 41 at 1-5. Indeed, after defendants first articulated this argument in their Motions to Dismiss, the Bureau challenged defendants' position by proposing its own interpretation of the CFPA. Dkt. 37 at 16. Had the Bureau wished to raise legislative history that supported its reading, it could have done so. Instead, it relied upon a case that it knew—but did not disclose to the Court—had been sent to the Third Circuit for interlocutory review. Dkt. 41 at 3.

The Bureau also make the substantive argument on the Motion to Dismiss papers that it did not concede "that the Defendants are not collecting debt." Dkt. 42-1 at 2. First, this argument is an unpermitted sur-reply and should be stricken. Second, it is incorrect. The Opposition did, in fact, concede the point that defendants UDH, JTM, and UHG do not themselves collect funds from consumer debtors. Dkt. 37 at 16-17. The Bureau argues that the CFPA hook is that defendants "engaged in"—but did not directly—collect debt. Id. ("The Bureau alleges that UDH, JTM, and UHG are engaged in 'collecting debt …'"); *see* Dkt. 41 at 2; Dkt. 40 at 13 (incorporating Dkt. 41 by reference). In any event, the Opposition fully briefed the issue of whether a debt buyer without its own call center is "collecting debt." Thus, a sur-reply is inappropriate and should be denied.

      2.      <u>The SEC Act Has Analogous Substantial Assistance Provisions to that of the CFPA and, therefore, is the Most Appropriate Statute to Guide this Court's Interpretation of the CFPA.</u>

Regarding the second issue, defendants argued in their Motions to Dismiss that the CFPA does not provide for "vicarious liability," because doing so would make the CFPA's "substantial assistance" provision superfluous. Dkt. 30-1 at 23-24; Dkt. 31-1 at 22-23. The Bureau's Opposition addressed this argument, raising the issue that vicarious liability was available to it if the CFPA was interpreted in accordance with cases addressing the FTC Act. Dkt. 37 at 43, n. 160-161 and 46, n. 177. The Bureau advanced this FTC Act argument, however, even though it also cites a securities case, *SEC v. Apuzzo*, 689 F.3d 204 (2d Cir. 2012), to establish the standards for a CFPA substantial assistance claim. Dkt. 37 at 25, n. 79. The CFPB's Opposition opened the door to whether the FTC Act or the SEC Act offered better guidance concerning vicarious liability claims under the CFPA. Nevertheless, the Bureau claims that defendants' reference to the SEC Act is an "entirely new argument." Dkt. 42-1 at 3.

Contrary to the Bureau's assertion in the instant Mot. for Leave, defendants' Replies properly responded to the Bureau's new reliance on the FTC Act as an interpretive guide by pointing out that the SEC Act (which has a substantial assistance provision and does *not* permit expansive vicarious liability) is more analogous to the CFPA than the FTC Act (which does *not* have a substantial assistance provision and does permit expansive vicarious liability). Although "new issues may not be raised for the first time in reply," *Sabre v. First Dominion Cap., LLC*, No. 01-CV-2145 (BSJ) (HP), 2002 U.S. Dist. LEXIS 22193, 2002 WL 31556379, *3 (S.D.N.Y. Nov. 15, 2002), "reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party," *Kowalski v. YellowPages.com. LLC*, No. 10-CV-7318 (PGG), 2012 U.S. Dist. LEXIS 46539, 2012 WL 1097350, *10 (S.D.N.Y. Mar. 31, 2012).

Moreover, the substantive arguments in the instant Mot. for Leave ought to be stricken and/or ignored by the Court—as the arguments are on the merits of the Motions to Dismiss and are therefore an unpermitted sur-reply. Dkt. 42-1 at 3-4. The local rules of this Court prohibit sur-reply papers without the Court's permission. *Hicks v. T.L. Cannon Corp.*, No. 12-CV-6517T, 2013 U.S. Dist. LEXIS 78913, at *14 (W.D.N.Y. June 4, 2013) citing W.D.N.Y.R. 7(a)(6) ("Absent permission of the Judge hearing the motion, sur-reply papers are not permitted").

       3.     The Standard for Individual Liability under the CFPA.

Regarding the third issue, individual defendants argued in their Motion to Dismiss that, "[t]he individual defendants must have had control over the corporate actor that violated the statute." Dkt. 30-1 at 31, citing *FTC v. Tax Club, Inc.*, 994 F. Supp. 2d 461, 471 (S.D.N.Y. 2014). The Bureau responded to this argument in its Opposition. Dkt. 37 at 32-34. Indeed, in both their Motions to Dismiss and their Replies, defendants cite to the same *FTC v. Tax Club, Inc.* case as setting the standard for individual liability. Dkt. 30-1 at 31; Dkt. 40 at 14. Nevertheless, the Bureau contends that this was a new argument in the Reply. Dkt. 42-1 at 5. It clearly is not a new argument, and therefore, the Bureau's request for a sur-reply should be denied.

Moreover, the substantive arguments in the instant Motion for Leave ought to be stricken and/or ignored by the Court—as the arguments are on the merits of the arguments and therefore an unpermitted sur-reply. *Supra* at 5.

**B.**     **The Bureau's Motion for Leave Violates W.D.N.Y.R. 7(a)(6).**

The Bureau's instant Mot. for Leave at pages 6-7 ought to be denied, and its substance stricken or ignored because the substantive arguments therein flaunt the rules that disallow unpermitted sur-replies. W.D.N.Y.R. 7(a)(6). The Bureau attempts to escape the natural consequence of its briefing failures by arguing that "Defendants claim throughout their Replies

-5-

that the Bureau has conceded a variety of points that the Bureau certainly has not conceded." Dkt. 42-1 at 6. This is not the proper basis for a sur-reply. Indeed, the Bureau's Mot. for Leave at pages 6-7 does not even address the standard for filing a sur-reply. "The standard for granting leave to file a sur-reply is whether the party making the motion would be unable to contest matters presented to the court for the first time in the opposing party's reply." *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D.D.C.2001). The Mot. for Leave at pages 6-7 does not identify any "new" arguments that defendants raised in their Replies.

Rather, the Mot. for Leave is a tricky attempt to supplement the Bureau's briefing on issues that it failed to address in its Opposition. On the one hand, this violates Local Rule 7(a)(6). On the other, the Mot. for Leave shows that a sur-reply would be futile.

1. The Opposition Failed to Address Several Arguments and Therefore Conceded the Issues.

When defendants' Reply states that the Bureau conceded a point, defendants are not saying that the Bureau *agrees* with defendants' understanding of the facts. Instead, the Bureau's Opposition simply did not *address* certain arguments, thus those arguments are conceded as a matter of law. *Miles v. Levac*, No. 11-CV-671S, 2014 WL 1338808, *3 (W.D.N.Y. 2014) ("A plaintiff effectively concedes a defendant's arguments by failure to respond to them."); *Frey v. Bekins Van Lines, Inc*., 748 F. Supp. 2d 176, 182 (E.D.N.Y. 2010). The Bureau's misapprehension shows itself in the Mot. for Leave because, in making its request to supplement its briefing, the Bureau just points to the conclusory allegations in its FAC. *E.g*., Dkt. 42-1 at 6, n. 28-30; Dkt. 42-1 at 7.

2. A Sur-Reply Concerning the Bureau's Concessions is Unwarranted and would be Futile.

The Bureau's Mot. for Leave provides four bullet points of issues it asserts it did not concede. The Bureau is wrong; legally speaking, it conceded all four points. As discussed below,

none of their bullets show how the Opposition addressed the conceded points or that the standard for a sur-reply is met.

- "UHG's continued operation poses no 'risk of future harm to consumers.'" Dkt. 42-1 at 6, n. 28-30. UHG's Reply stated that "[the Bureau's] Opposition does not address how UHG's continued operation entitles the Bureau to injunctive relief against the company." Dkt. 40 at 3-4 *citing* Opp. at 15. This statement is correct and is confirmed by reviewing the Opposition. Moreover, allowing a sur-reply would be futile, as the instant Mot. for Leave does not cite to its Opposition to show that it did, in fact, address how UHG's continued operation poses risk of future harm. It simply repeats the conclusory claims made in the FAC. Dkt. 40 at 3-4, n. 5.

- "Defendants did not aid, abet, substantially assist, and facilitate the Debt Collectors' illegal conduct." Dkt. 42-1 at 7, n. 33 (citing various portions of the FAC). In their Motions to Dismiss, defendants argued that the "FAC fails to allege that defendants knowingly facilitated false statements" and that such failure means the Bureau failed to plausibly allege the scienter element required for aiding and abetting and substantial assistance claims. Dkt. 30-1 at 27. The Bureau did not respond to defendants' argument about facilitation. Dkt. 40 at 12. The Court can verify this by its own review of the Opposition. Moreover, allowing a sur-reply would be futile, as the instant Mot. for Leave does not cite to its Opposition to show that it did, in fact, address defendants' facilitation of the alleged violations.

- "[T]he Individual Defendants did not participate in or direct any of the violations." In their Motions to Dismiss, defendants argue "[t]he FAC does not allege that individual defendants controlled the predicate violators -- i.e., the "Debt Collectors" -- or participated in the wrongful acts and practices." Dkt. 30-1 at 31. UHG argues that the Bureau's Opposition did not point to facts that alleged how the individuals participated in telephone calls or directed calling activity, thus this issue is conceded. Dkt. 40 at 14. The Court can verify this assertion with documents already filed and can weigh the assertion against arguments already briefed in the Bureau's Opposition. A sur-reply would be duplicative and unnecessary.

- "[T]hat its allegations are insufficient to establish that JTM and UDH substantially assisted illegal conduct."[2] JTM and UDH stated in their Reply that, "[t]he Bureau agrees that Substantial Assistance under CFPA § 5536(a)(3) (Counts II and III) requires: 1) a primary violation, (2) knowledge or reckless disregard of the violation, and (3) substantial assistance in the violation by the defendant." Dkt. 41 at 12 *citing* Opp. at 25. The Court can verify on documents already submitted whether the parties agree on the elements of a CFPA substantial assistance claim. Thus, a sur-reply is unnecessary. The remainder of the Bureau's assertions in its Mot. for Leave are inapposite and an attempt at an unpermitted sur-reply.

---

[2] Defendants note that the Bureau's challenge to concessions number 2 and 4 are effectively the same.

The Bureau's attempt to sneak in extra arguments after briefing has been completed is consistent with its apparent position in its Opposition that it is not bound by the Federal Rules of Civil Procedure.  A sur-reply should not be granted and the substantive arguments in the Mot. for Leave should be stricken or ignored.

## II.     CONCLUSION

As detailed in the defendants' respective Motions to Dismiss and Replies, the Bureau's FAC is rife with conclusory allegations that fail to meet the plausibility standard required by Rule 8. But instead of using its Opposition Brief to expand on such conclusory allegations or even explain why it should be granted leave to amend, the Bureau dug in its heels and reiterated its belief that it is not bound by the same pleading rules as everyone else. Now, the Bureau ostensibly seeks leave to file a sur-reply. The Bureau, however, cannot use a sur-reply—and certainly not the Mot. for Leave—to say the things it wishes it had said in its Opposition but didn't. Defendants' Replies appropriately discussed issues that were a continuation and elaboration of arguments raised in their initial Motions to Dismiss and that directly responded to the Bureau's arguments in its Opposition. Furthermore, it was appropriate for defendants to draw this Court's attention to the Bureau's repeated failures to address their arguments on plausibility. Accordingly, this Court should deny the Bureau's Motion for leave to file a Sur-Reply and alternative Motion to Strike. And for all the reasons set forth in defendants' respective Motions to Dismiss and Replies, this Court should also dismiss the Bureau's FAC against all defendants.

Dated June 1, 2022

                               BROWNSTEIN HYATT FARBER SCHRECK, LLP

                               By: *Sarah J. Auchterlonie*
                               Sarah J. Auchterlonie (pro hac vice)
                               410 Seventeenth Street
                               Suite 2200
                               Denver, CO  80202
                               Telephone:  303.223.1100
                               Facsimile:  303.223.1111
                               Email: sja@bhfs.com

                               LIPPES MATHIAS LLP

                               Brendan H. Little, Esq.
                               Richard M. Scherer, Jr., Esq.
                               50 Fountain Plaza, Suite 1700
                               Buffalo, New York 14202
                               Telephone: 716-853-5100
                               Facsimile: 716-853-5199
                               Email: blittle@lippes.com
                               Email: rscherer@lippes.com

                               *Attorneys for Defendants*