UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CONSUMER FINANCIAL PROTECTION
BUREAU,

        Plaintiff,                       22-CV-29-LJV-HKS
                                         DECISION & ORDER
        v.

CRAIG MANSETH et al.,

        Defendants.
_____

Before the Court is the defendants' partial objection, Docket Item 111, to the order issued by United States Magistrate Judge H. Kenneth Schroeder, Jr., granting in part and denying in part the motion for a protective order filed by the plaintiff, the Consumer Financial Protection Bureau ("CFPB"), Docket Item 110. More specifically, the defendants—United Debt Holding LLC; JTM Capital Management, LLC; UHG, LLC; UHG I LLC; and UHG II LLC; and three executives of those companies, Jacob Adamo, Craig Manseth, and Darren Turco—object to the portion of Judge Schroeder's order limiting each of them to 40 requests for production ("RFPs"). Docket Item 111 at 3; *see also* Docket Item 110 at 6. The CFPB responded to the objection, Docket Item 116, and the defendants replied, Docket Item 119.

For the reasons that follow, Judge Schroeder's decision is affirmed.

## **LEGAL PRINCIPLES**

"[A] magistrate judge is afforded broad discretion [in resolving non-dispositive discovery disputes] which a court should not overrule unless this discretion is clearly

abused." *Maxwell v. Becker*, 2015 WL 5793403, at *1 (W.D.N.Y. Sept. 30, 2015) (quoting *Germann v. Consol. Rail Corp.*, 153 F.R.D. 499, 500 (N.D.N.Y. 1994)). Such decisions "may be set aside only if the district court determines the ruling to be 'clearly erroneous or contrary to law.'" *Thai Lao Lignite (Thailand) Co. v. Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 511 (S.D.N.Y. 2013) (quoting 28 U.S.C. § 636(b)(1)(A)). "A finding is clearly erroneous when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Feneziani*, 2007 WL 1613630, at *1 (W.D.N.Y. June 1, 2007) (internal quotation marks omitted) (quoting *Garcia v. Teitler*, 443 F.3d 202, 211 (2d Cir. 2006)). A "ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure.'" *Thai Lao Lignite*, 924 F. Supp. 2d at 512 (alteration in original) (quoting *Moore v. Publicis Groupe SA*, 2012 WL 1446534, at *1 (S.D.N.Y. Apr. 26, 2012)).

## **DISCUSSION**

The defendants assert that Judge Schroeder's order limiting each of them to 40 RFPs is "clearly erroneous because it unnecessarily hamstrings [their] right to defend themselves against the CFPB's claims." Docket Item 111 at 4. They say that the Federal Rules of Civil Procedure "do[] not impose any limitations on how many RFPs each party may serve on another party." *Id.* (emphasis omitted). And they argue that "while [c]ourts are permitted broad discretion in determining the course of discovery," they may not limit discovery merely based on the fact that the "volume of discovery [sought] is excessive or burdensome." *See id.* at 4-5 (internal quotation marks omitted)

2

(citing *U.S. Bank Nat'l Ass'n v. SFR Invs. Pool 1, LLC*, 2018 WL 2271222, at *1 (D. Nev. Feb. 5, 2018)).

The defendants also say that Judge Schroeder's restriction on their ability to seek discovery is "entirely arbitrary" and ignores the fact that "the CFPB is a large governmental agency with at least eight attorneys of record in this litigation"—a force, they suggest, clearly equal to the task of responding to their requests. *See id.* at 5-8. Indeed, the defendants say, curtailing their ability to serve RFPs is simply unfair because the CFPB was able to "pursue[] nearly limitless discovery from [the d]efendants . . . pursuant to multiple civil investigative demands" before this case even began. *See id.* at 1-3; *see also id.* at 4 ("Despite the CFPB's unfettered access to four years of unchecked governmental investigations, . . . Judge Schroeder limits [the d]efendants to 40 RFPs each . . . .").

The CFPB counters that Judge Schroeder's order "is neither clearly erroneous nor contrary to law." Docket Item 116 at 1. It argues that despite the defendants' claims otherwise, Judge Schroeder properly recognized that courts may impose reasonable guardrails on the scope of discovery. *Id.* at 4. And based on his "review of the 812 RFPs that [the d]efendants [had] propounded to the [CFPB]," the CFPB says, Judge Schroeder reasonably found that "'[i]t [was] apparent . . . that th[o]se requests could be reconfigured to more broadly group the type of information sought, resulting in fewer total requests.'" *Id.* (quoting Docket Item 110 at 5).

The Court agrees with the CFPB. As Judge Schroeder correctly noted, "discovery in federal court is 'broad and permissive,' [but] 'not unfettered'" and "[a] court 'must limit discovery if it finds that the discovery sought is unreasonably cumulative or

3

duplicative,' or if 'it finds that the burden or expense of the requested discovery outweighs its likely benefit.'" Docket Item 110 at 3 (emphasis omitted) (quoting *In re Roman Catholic Diocese of Syracuse*, 2024 WL 5054809, at *10 (Bankr. N.D.N.Y. Dec. 9, 2024)); *accord In re Air Crash near Clarence Ctr., New York, on Feb. 12, 2009*, 2013 WL 5936975, at *1-2 (W.D.N.Y. Nov. 4, 2013). In fact, *U.S. Bank National Association*, which the defendants cite for the proposition that a court may not limit RFPs merely because they are voluminous, Docket Item 111 at 4-5, says nothing of the sort. Instead, as the CFPB notes, Docket Item 116 at 7-8, the case holds that "*conclusory* assertions that the volume of discovery is 'facially excessive' [do] not suffice for issuance of a protective order," but it acknowledges that "[c]ourts may exercise their discretion to protect a litigant from responding to unjustified numbers of requests for admission," *U.S. Bank Nat'l Ass'n*, 2018 WL 2271222, at *1 (emphasis added) (quoting *Lurensky v. Wellinghoff*, 258 F.R.D. 27, 30 (D.D.C. 2009)).

In fact, the defendants concede in their reply that "a court may limit discovery where appropriate." Docket Item 119 at 4. But they vociferously assert that such a limitation was not appropriate here, particularly in light of the sheer volume of information that the CFPB was able to obtain before commencing this action against them. *See id.* at 4-5.

In governing discovery, however, courts need not afford each side the exact same volume of documents, as if they were two sides of a scale that could never be out of balance. The defendants feel as though they were unjustly put upon by the government investigation that preceded this case. *See* Docket Items 111 and 119. That is understandable and perhaps true. But that does not mean that they now may

4

exact their revenge by serving "unreasonably cumulative" or unduly "burdensome" requests upon the CFPB.  *See In re Air Crash*, 2013 WL 5936975, at *1.

Here, Judge Schroeder reviewed the defendants' 812 RFPs, concluded that they were both "excessive and unnecessarily granular," and observed that they could be streamlined into 320 RFPs—40 RFPs for each of the eight defendants.  *See* Docket Item 110 at 5-6.  In other words, Judge Schroeder found not that the defendants were not entitled to the information they sought, but that they needed to consolidate their requests to get that information.  Based on this Court's own review of the defendants' RFPs, *see* Docket Items 102-1, 102-2, 102-3, 102-4, 102-5, 102-6, 102-7, and 102-8, it cannot and does not find that he abused his discretion in doing so.  And that is particularly so given the "highly deferential" standard of review that applies.  *See Thai Lao Lignite*, 924 F. Supp. 2d at 511.

## **CONCLUSION**

For the reasons stated above, Judge Schroeder's decision, Docket Item 110, is AFFIRMED.  Consistent with this Court's previous order, the defendants shall serve their revised RFPs within 21 days of the date of this order, and the CFPB shall respond to those RFPs within 45 days of that service.  *See* Docket Item 118.  The case is referred back to Judge Schroeder for further proceedings consistent with the referral order of February 26, 2024, Docket Item 85.

SO ORDERED.

Dated:   September 2, 2025
         Buffalo, New York


                                        ***/s/ Lawrence J. Vilardo***
                                        LAWRENCE J. VILARDO
                                        UNITED STATES DISTRICT JUDGE